

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EARL BANKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 7920 |
| | ) |
| CITY OF WAUKEGAN, ILLINOIS, | ) Wayne R. Andersen |
| WAUKEGAN CHIEF OF POLICE | ) District Judge |
| WILLIAM BIANG, and WAUKEGAN | ) |
| POLICE OFFICER DAVIS | ) |
| MAHONEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

The case is before the Court on a motion for summary judgment filed by Defendants, City

of Waukegan, Police Chief William Biang, and Officer Davis Mahoney, pursuant to Fed. R. Civ.

P. 56. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

This civil action arises out of an arrest instigated by a verbal confrontation between the

Plaintiff, Earl Banks, and a non-party in this dispute, Juan Carlos Corvera. Following a brief but

antagonistic exchange between Plaintiff and Corvera, Corvera flagged down Officer Davis

Mahoney's vehicle. Officer Mahoney, a police dog handler, spoke to Corvera, who claimed that

Plaintiff either assaulted or attempted to rob Corvera. Officer Mahoney then ordered Plaintiff to

stand near the police car; however, Plaintiff continued to walk his bicycle across the street. Officer

Mahoney claims he shouted a warning to Plaintiff about his intention to use his police dog if

Plaintiff did not stop. Plaintiff claims he did not hear the warning. When he continued to walk

across the street, Officer Mahoney ordered the police dog to detain Plaintiff. The police dog first

bit Plaintiff's arm. Plaintiff continued to struggle. The police dog lost its bite when it became tangled in the bicycle. The animal, eventually regaining a bite, bit Plaintiff's leg two times. Officer Mahoney then attempted to arrest Plaintiff; however, during the struggle Officer Mahoney allegedly received a slight injury to his face. Following the arrest, police found a large knife on Plaintiff. Police charged Plaintiff with attempted aggravated robbery, aggravated battery, and resisting a police officer. Before trial, the State's Attorney's Office dismissed the attempted aggravated robbery charge. At trial, a jury acquitted Plaintiff of the two remaining charges. Plaintiff then instituted the present case.

Plaintiff's complaint alleges two counts against Defendants, Officer Mahoney, Police Chief William Biang, and the City of Waukegan, under 42 U.S.C. § 1983. Count I alleges an excessive force violation. Count II alleges false arrest and unlawful detention. Under both counts, Plaintiff alleges that Police Chief Biang and the City of Waukegan instituted a policy or practice that contributed to Officer Mahoney's alleged misconduct.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving part is entitled to judgment as a matter of law. *Howard v. Lear Corp. Eads and Interiors,* 234 F.3d 1002, 1004 (7th Cir. 2000); *Mills v. Health Care Serv. Corp.,* 171 F.3d 450, 458 (7th Cir. 1999). When examining the evidence, the Court should resolve all ambiguities and draw all inferences in favor of the non-moving party. *Day v. Colt Construction & Development Co.,* 28 F.3d 1446, 1453 (7th Cir. 1994).

The Court grants summary judgment for Police Chief Biang and the City of Waukegan. Plaintiff's Memorandum concedes that summary judgment against Police Chief Biang and the City would not be inappropriate. Discovery has failed to demonstrate that Police Chief Biang or the City

2

of Waukegan encourages, by policy and practice, the type of misconduct alleged in Counts I and II. Therefore, we grant summary judgment on both counts I and II in favor of Police Chief Biang and the City of Waukegan.

The Court grants the summary judgment for Officer Mahoney as to Count II, false arrest and unlawful detention. Plaintiff's Memorandum concedes that Officer Mahoney's attempt to detain Plaintiff was a permissible action under the *Terry v. Ohio*, 392 U.S.1 (1968). Plaintiff, however, attempts to justify his refusal to comply with Officer Mahoney's order under *Florida v. Royer*, 460 U.S. 491 (1983). In *Royer*, the Supreme Court affirmed a Florida Court of Appeal decision that found that two narcotics agents did not have a sufficient basis for detaining a person suspected of transporting drugs at an airport under the circumstances. *Id.* at 507-08. The agents suspected the defendant of drug trafficking after observing his unusual behavior and justified their detention and questioning of him on these grounds. *Id.* at 493-95. The Supreme Court concluded that agents did have the power to detain the defendant initially but overstepped their authority when they brought him into an interrogation room. *Id.* at 502-03.

Plaintiff's reliance on *Royer* is problematic because the facts differ significantly from the present case. The situation, as Officer Mahoney found it, was of a possible robbery in progress. Officer Mahoney was actively flagged down by a citizen while driving down the street. He did not base his intention to detain Plaintiff on mere observations but on a citizen claiming distress. Officer Mahoney would be negligent in his duty as a police officer if he did not take action to investigate and detain Plaintiff in such a situation. These facts support the notion that Officer Mahoney had probable cause to detain Plaintiff. Therefore, summary judgment is granted in favor of defendant Officer Mahoney on Count II, the false arrest and unlawful detention claim.

Finally, we deny the summary judgment motion regarding Count I, the excessive force claim,

3

against Officer Mahoney. Giving Plaintiff the benefit of reasonable inferences, the Court finds that there is a disputed issue of material fact regarding whether Plaintiff heard Officer Mahoney's command to stop. In addition, whether Officer Mahoney's use of the police dog was reasonable under the circumstances is a disputed issue of material fact precluding the grant of summary judgment on this claim. Therefore, we deny Officer Mahoney's motion for summary judgment on Count I, the excessive force claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted in part and denied in part (# 31). Summary judgment is granted in favor of the City of Waukegan and Police Chief William Biang as to Counts I and II. Summary judgment is granted in favor of Officer Mahoney on Count II, false arrest and unlawful detention, but denied as to Count I, excessive force.

This case is set for status on April 12, 2007 at 9:00 a.m.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: March 12, 2007

4